RENDERED: JULY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0096-MR

SHERRY L. HUMPHREY　　　　　　　　　　　　　　　　APPELLANT

　　　　　　　APPEAL FROM JEFFERSON CIRCUIT COURT
v.　　　　　HONORABLE ANN BAILEY SMITH, JUDGE
　　　　　　　ACTION NO. 19-CI-007617

MILLER AND WELLS, PLLC AND
MASON L. MILLER　　　　　　　　　　　　　　　　　　APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: This is the third case in a trilogy of litigation arising from the

Jefferson Circuit Court in which Appellant, Sherry L. Humphrey ("Sherry"),

alleges malpractice by her former attorney and Appellee, Mason L. Miller, and his

law firm, Miller and Wells, PLLC ("collectively referred to as "Counsel"). The

underlying representation arose from a declaratory judgment action involving a

family trust and estate dispute (*Humphrey I*). Various rulings were issued throughout that litigation involving the rights and roles of the parties. Ultimately, an agreed judgment was entered in that case on December 18, 2019. An amended judgment was entered on February 4, 2020.

In 2015, while *Humphrey I* was ongoing, Sherry filed a separate lawsuit against trustee-Commonwealth Bank and Trust Company ("Commonwealth"), for breach of fiduciary duty, negligence, and fraud. (*Humphrey II*). The circuit court dismissed that case because the alleged claims should have—but were not—raised as compulsory counter claims in *Humphrey I* pursuant to CR[1] 13.01. Sherry appealed. A previous panel of this Court affirmed and concluded: "if Sherry wanted to preserve a claim against Commonwealth for fiduciary misfeasance, her available remedy was to challenge the judgment—not file an independent action three years later." *Humphrey v. Commonwealth Bank & Tr. Co.*, No. 2016-CA-000237-MR, 2018 WL 1663590, at \*2 (Ky. App. Apr. 6, 2018). The Kentucky Supreme Court denied discretionary review on December 5, 2018.

On December 4, 2019—prior to the resolution in *Humphrey I*—Sherry filed another lawsuit against Counsel (*Humphrey III*). The circuit court granted summary judgment on the basis that the case was untimely filed. The court

---

[1] Kentucky Rules of Civil Procedure.

reasoned that because *Humphrey III* raises a legal malpractice claim resulting from representation in *Humphrey I*, *Humphrey III* was not actionable on the date it was filed because *Humphrey I* had not yet concluded.  But when the court issued its summary judgment, the one-year malpractice statute of limitations had expired. KRS[2] 413.245.  So, Sherry could not file a new action.  The court further determined that Sherry could not amend her Complaint under the "relate back" rule.  CR 15.03.  Sherry appeals to this Court as a matter of right.  For the following reasons, we REVERSE and REMAND.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR 56.03.  "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*."  *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citation omitted).  With this standard in mind, we return to the record at issue in the present case.

---

[2]  Kentucky Revised Statutes.

## ANALYSIS

Our Supreme Court has recently undertaken a thorough and thoughtful review of its legal malpractice jurisprudence to provide clarity for the bench and bar. *Wolfe v. Kimmel*, 681 S.W.3d 7 (Ky. 2023). Therein, the Court affirmed:

> [W]hen the cause of action alleged in a legal malpractice claim is for litigation malpractice a claimant does not have a cause of action against the attorney until the underlying case becomes final. This is sound reasoning: because "occurrence date" means "cause of action" under KRS 413.245, if a claimant cannot allege that they have suffered a legal harm, that their attorney's malpractice was the proximate cause of that harm, and that they have incurred damages, they have no cause of action, and the occurrence date statute of limitations has not yet been triggered.

*Id*. at 17. The Court also addressed non-litigation malpractice claims:

> [W]e now hold that for such a claim damages are considered irrevocable and non-speculative when the claimant is reasonably certain that damages will indeed flow from the defendant's negligence.

*Id*. at 26. In any event, what matters here is "knowledge that one has been wronged," not "knowledge that the wrong is actionable." *Wolfe*, 681 S.W.3d at 14 (quoting *Conway v. Huff*, 644 S.W.2d 333, 334 (Ky. 1982)).

In the present case, Sherry was on notice that she had been wronged on the date that *Humphrey II* became final. Indeed, the circuit court notes in its summary judgment that this Court's decision in *Humphrey II* made Counsel's

-4-

"supposed negligence palpable." Thus, the underlying litigation here is *Humphrey II.*

We do not address the merits of the present case. Rather, we merely conclude that it was ripe on the date *Humphrey II* became final and was timely filed within the one-year statute of limitations. A contrary result would offend the purpose of the justiciability doctrine and the statute of limitations. The former ensures that claims are sufficiently cognizable to warrant judicial action, while the latter ensures against staleness an attenuation. Neither would be well-served here by barring the present action as untimely filed. To be clear, our decision is confined to the unique facts of the present case. While *Wolfe* provides much needed clarity to our legal malpractice jurisprudence, cases like the present will inevitably arise that do not fit neatly into *Wolfe*'s paradigm. Such rare events should be met with practicality and not rigid legal formality. However, we are also guarded of the judicial economy and are confident that the present case will proceed accordingly.

## CONCLUSION

Based on the foregoing, the Jefferson Circuit Court's opinion and order granting summary judgment is hereby REVERSED. We REMAND this case for further proceedings consistent with this decision.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David B. Mour
Louisville, Kentucky

BRIEF FOR APPELLEE:

James P. Grohmann
Julie C. Foster
Louisville, Kentucky